UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA DANT, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:06CV318 JCH |
| | ) |
| MAGNUM EXPRESS, INC., | ) |
| JEFFREY S. KELLER and | ) |
| THE CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed March 27, 2006. (Doc. No. 12). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

On January 5, 2006, Plaintiff filed her First Amended Petition for Damages against Defendants Magnum Express, Inc. ("Magnum Express"), Jeffrey S. Keller ("Keller"), and the City of St. Louis ("City"), in the Circuit Court of the City of St. Louis, Missouri. (Plaintiff's First Amended Petition, attached to Defendant Magnum Express' Notice of Removal as Exh. A). In her First Amended Petition, Plaintiff alleges that on or about December 6, 2005, a vehicle being driven by Plaintiff's daughter, decedent Jemma Dant, was struck by a tractor trailer owned by Defendant Magnum Express, and operated by Defendant Keller. (First Amended Petition, ¶¶ 3-4, 7). Plaintiff continues to assert claims of negligence against all three Defendants. (Id., PP. 2-3, 4, 6-7).

Defendant Magnum Express removed the action to this Court on February 24, 2006, despite the fact that one of the named Defendants, the City of St. Louis, is a Missouri citizen. In its Notice of Removal, Magnum Express asserts the case nevertheless is removable, as the in-state Defendant,

the City of St. Louis, was fraudulently joined as a Defendant to this action. (Magnum Express' Notice of Removal, ¶ 1).

Plaintiff filed her Second Amended Petition for Damages (hereinafter "Complaint") in this Court on March 23, 2006. (Doc. No. 8). As stated above, Plaintiff then filed the instant Motion to Remand on March 27, 2006. (Doc. No. 12). In her Motion to Remand, Plaintiff asserts her lawsuit was not removable, because Defendant City of St. Louis is a citizen of the state in which Plaintiff filed her cause of action. (Memorandum in Support of Plaintiff's Motion to Remand ("Plaintiff's Memo in Support"), PP. 3-4, citing 28 U.S.C. § 1441(b)).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

Pursuant to 28 U.S.C. § 1332(a)(1), "[f]ederal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Manning, 304 F.Supp.2d at 1148. Such an action is removable to federal court, however, "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In the instant case, Plaintiff asserts this action was not removable, as Defendant City of St. Louis is a citizen of Missouri, the state in which the action originally was brought. (Plaintiff's Memo in Support, PP. 3-4). Defendant Magnum Express counters that because the City's joinder was fraudulent, its

citizenship is not a bar to removal. (Defendant Magnum Express, Inc.'s Suggestions in Opposition to Plaintiff's Motion to Remand, PP. 2-3).

This Court has held that, "[i]t is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined." Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995) (citations omitted). Further "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). The burden of proof on the issue of fraudulent joinder rests with the removing party. Parnas, 879 F.Supp. at 92-93 (citations omitted); see also Pender v. Bell Asbestos Mines, Ltd., 145 F.Supp.2d 1107, 1111 (E.D. Mo. 2001).

In a recent case, the Eighth Circuit enunciated the standards to apply in considering a claim of fraudulent joinder, as follows:

> Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted). In making its prediction as to whether state law might impose liability upon the facts involved, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not, "step from the threshold jurisdictional issue into a decision on the merits." Manning, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

Thus, in the instant case the issue is whether state law *might* impose liability on the resident Defendant, City of St. Louis, under the facts alleged. In her Complaint, Plaintiff makes the following allegations regarding Defendant City of St. Louis:

> 4. That on or about December 6, 2005, at approximately 7:00 a.m., the decedent, Jemma Dant, was driving her automobile westbound on Interstate 44 near the Vandeventer exit in the City of St. Louis, State of Missouri.
>
> 5. That on or about December 6, 2005, at approximately 7:00 a.m., Defendant Keller was driving a tractor trailer owned by Defendant [Magnum Express] westbound on Interstate 44 near the Vandeventer exit in the City of St. Louis, State of Missouri....
>
> 7. That at the aforesaid time and place, Defendant City had control of and responsibility for the property on and near Interstate 44 at Vandeventer Avenue, the Vandeventer Avenue exit ramp from westbound Interstate 44, and the intersection of Vandeventer and McRee Avenues.
>
> 8. That at the aforesaid time and place, the Defendant City, by and through the acts and omissions specifically set forth below, created one or more dangerous conditions, which conditions reasonably and foreseeably caused a risk of harm and caused actual harm to plaintiff:
>
>> a. Installing and maintaining a traffic control device that insufficiently manages traffic exiting from Interstate 44 in that said device fails to clear traffic from the exit ramp, thereby causing motor vehicle traffic to stall and collect in the westbound lanes of Interstate 44 at and near the collision site;
>>
>> b. Failing to provide an exit ramp that is of sufficient length for westbound Interstate 44 traffic that is exiting at the Vandeventer exit;
>>
>> c. Failing to provide an exit ramp that contains sufficient lanes for westbound Interstate 44 traffic that is exiting at the Vandeventer exit;
>>
>> d. Posting and allowing to exist a speed limit that is excessive for westbound Interstate 44 traffic in the region west of the Vandeventer exit;
>>
>> e. Failing to post sufficient signage to warn westbound Interstate 44 traffic of the existence of slowing or stopped traffic;
>>
>> f. Failing to provide a sufficient shoulder for westbound Interstate 44 traffic in the region east of the Vandeventer exit;

      g.      Altogether failing to provide sufficient means of clearing traffic that exits westbound Interstate 44, thereby causing motor vehicle traffic to stall and collect in the westbound lanes of Interstate 44 at and near the accident site.

9. That at the aforesaid time and place, Defendant City was actually aware, or else should have been aware, of the dangerous condition of its property and the foreseeable and consequential risk of harm to individuals, including plaintiff.

10. That as a direct and proximate result of the dangerous conditions created by Defendant City on its property, the vehicle being operated by Defendant Keller violently collided with the decedent, Jemma Dant's vehicle thereby causing severe injuries both internally and externally to the decedent, Jemma Dant, and resulting in her death on December 6, 2005.

(Compl., PP. 5-7).

Upon consideration, the Court finds that with her allegations, Plaintiff successfully asserts a cause of action against Defendant City of St. Louis, such that Missouri state law might impose liability upon said Defendant under the facts involved. Specifically, the Court notes that while public entities typically possess sovereign or governmental tort immunity from suit for their negligent acts, the Missouri legislature has waived such immunity in the following relevant circumstance: "Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition." See Mo. Rev. St. § 537.600.1(2). This exception is known as the "dangerous condition exception," and the Court finds Plaintiff potentially has alleged facts sufficient to invoke the exception. See Kraus v. Hy-Vee, Inc.,

147 S.W.3d 907, 915 (Mo.App. 2004) (internal quotations and citations omitted) ("A dangerous condition of public property also exists as a matter of law when there is negligent, defective, or dangerous design of a highway or road. Signs and traffic controls can be a part of negligent, defective, or dangerous maintenance and design of state roads and highways. Accordingly, a dangerous condition of public property may arise from a general failure to post adequate signing or traffic controls."). Thus, on the facts as alleged by Plaintiff in her Complaint, Missouri law *might* impose liability against Defendant City of St. Louis, and so Defendant Magnum Express' claim of fraudulent joinder must fail. Heimann v. Burlington Northern Santa Fe Ry Co., 2005 WL 1474142 at * 2 (E.D. Mo. Jun. 14, 2005), citing Filla, 336 F.3d at 810.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 12) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that the outstanding motions in this matter (Doc. Nos. 6, 16, 18, 20) are **DENIED** as moot.

Dated this 19th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE